UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA D. HAYWOOD,<br>Booking #19750859,<br><br>                              Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF, OCEANSIDE POLICE CHIEF, TODD GLORIA, CITY OF OCEANSIDE, MAYOR OF OCEANSIDE,<br><br>                              Defendants. | Case No.: 3:20-cv-2279-LAB-DEB<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [Dkt.  2]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, Erica D. Haywood, while in custody at the San Diego County Sheriff Department's Las Colinas Detention & Reentry Facility, has a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)

Her pleading is somewhat rambling and disjointed, but she seeks $87 million in general and punitive damages from Defendants, based on what seem to be unrelated incidents of harassment, "mis-housing" and "mislabeling" Haywood, who appears to be gender non-conforming. (*Id.* at 2–3, 5.) She also contends Defendants stole her personal

property and mail, misappropriated insurance funds and provided negligent medical and mental health care treatment. (*Id.* at 2–3.) Haywood did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time she filed her Complaint; instead, she filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

## I.     Motion to Proceed IFP

### A.     Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Haywood, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court

styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits her pursuit of any subsequent IFP civil action or appeal in federal court unless she faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.   Discussion

Haywood's Complaint does not clearly allege a basis for § 1983 liability at all, let alone assert "plausible allegations" to suggest she "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as best the Court can decipher, Haywood seeks to sue various governmental entities and individuals for having harassed, entrapped, "mislabeled," "mis-housed," mistreated and discriminated against her both before and during her current term of detention. *See* Compl. at 2–6; *Sierra v. Woodford*, 2010 WL 1657493, at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling stat[e]ments regarding a cycle of violence, and vague references to motives to harm" insufficient to show "ongoing danger" as required by 28 U.S.C. § 1915(g) and *Cervantes*.), *aff'd sub nom. Sierra v. Woodford, Dir. of Corr.*, 505 F. App'x 641 (9th Cir. 2013).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at

1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court takes judicial notice of its own records, together with the docket proceedings of other federal courts available on PACER, and finds that Plaintiff Erica D. Haywood, currently identified as San Diego County Sheriff Department's Inmate Booking #18123564,[1] while incarcerated, has had at least eight prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

> 1) *Haywood v. Fifth U.S. Circuit Court of Appeals, et al.*, Civil Case No. 4:09-cv-00202 (S.D. Texas, March 12, 2009) (Memorandum Opinion and Order granting application to proceed IFP and dismissing civil action with prejudice as "legally baseless") (ECF Nos. 8, 9) (strike one);
>
> 2) *Haywood v. State of Georgia,* Civil Case No. 1:10-cv-00039-TWT (N.D. Georgia, Feb. 2, 2010) (Order and Opinion granting request to proceed

---

[1] Haywood has been previously identified as San Diego County Inmate Booking #19750859, as Inmate #804107 in San Antonio Texas's Bexar County Adult Detention Center, and as Inmate #933519, while she was detained in Atlanta Georgia's Fulton County Jail. She has previously admitted to having filed, and to have had dismissed, at least one other civil action while she was incarcerated in the Western District of Texas sometime in 2012. *See Haywood v. San Diego, CA County, et al*., S.D. Cal. Civil Case No. 3:18-cv-01315-BTM-AGS, Compl., ECF No. 1 at 1, 10.

IFP and dismissing case as frivolous pursuant to 28 U.S.C. § 1915A) (ECF No. 3); (Feb. 3, 2010) (Judgment) (ECF No. 4) (strike two);

3) *Haywood v. Bexar County Sheriff, et al.,* Civil Case No. 5:11-cv-00448-XR (W.D. Texas) (Aug. 1, 2011) (Order & Judgment Dismissing Complaint as frivolous, for failure to state a claim, and for seeking relief from immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and § 1915A(b)(1)-(2)) (ECF Nos. 14, 15) (strike three);

4) *Haywood v. Bexar County Sheriff, et al.,* Civil Case No. 5:11-cv-00467-XR (W.D. Texas) (Aug. 1, 2011) (Order & Judgment Dismissing Complaint as frivolous, for failure to state a claim, and for seeking relief from immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and § 1915A(b)(1)-(2)) (ECF Nos. 8, 9) (strike four);

5) *Haywood v. Bexar County, Texas, et al.*, Civil Case No. 5:11-cv-01115-FB (W.D. Texas) (Feb. 1, 2012) (Report & Recommendation ["R&R"] to Dismiss § 1983 Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A) (ECF No. 3); (Feb. 28, 2012) (Order Adopting R&R and Judgment) (ECF Nos. 7, 8) (strike five);

6) *Haywood v. San Diego CA Public Defender, et al.*, Civil Case No. 3:18-cv-01761-MMA-BGS (S.D. Cal.) (Aug. 30, 2018) (Order Dismissing Civil Action for Failure to Pay Filing Fees Required by 28 U.S.C. § 1914(a) and as Frivolous pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF. No. 2) (strike six); and

7) *Haywood v. San Diego County, et al.*, Civil Appeal No. 18-56333 (9th Cir., April 22, 2019) (Order denying appellant's motion to proceed in forma pauperis and "dismissing this appeal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).") (ECF No. 10) (strike seven).

8) *Haywood v. Univ. of CA, San Diego, et al., et al.*, Civil Case No. 3:19-cv-01955-MMA-BGS (S.D. Cal.) (Dec. 10, 2019) (Order Dismissing Civil Action for Failure to Pay Filing Fees Required by 28 U.S.C. § 1914(a) and as Frivolous pursuant to 28 U.S.C. § 1915A(b)(1)) (strike eight).

Accordingly, because Haywood has accumulated more than three "strikes" in prior litigation pursuant to § 1915(g), and fails in this litigation to make a "plausible allegation" of imminent danger of serious physical injury at the time of filing, she is not entitled to proceed IFP in this case. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d

1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").[2]

## II. Conclusion and Orders

For the reasons explained, the Court:

(1) **DENIES** Haywood's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to enter a judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: December 1, 2020

_Larry A. Burns_
Hon. Larry A. Burns
Chief United States District Judge

---

[2] As a consequence of her litigation history, Haywood has previously been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) both in this Court as well as in the Western District of Texas. *See Haywood v. Director Brad Livingston, et al.*, Civil Case No. 6:16-cv-00320-RP (Sept. 2, 2016) (Order Denying leave to proceed IFP and Dismissing Complaint without prejudice "pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g).") (ECF No. 4); *Haywood v. San Diego, CA County, et al.*, S.D. Cal. Civil Case No. 3:18-cv-01315-BTM-AGS (Order Denying Motion for Leave to Proceed In Forma Pauperis as Barred by 28 U.S.C. § 1915(g) and Denying Motion for Immediate Injunction and Release) (Sept. 24, 2018) (ECF No. 6).